# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SEAN ESCARRA,

        Plaintiff,

v.                                       Case No. 8:24-cv-1562-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. No. 20; "Motion"), filed December 9, 2025. In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,750.00, and costs in the amount of $405.00. Motion at 1; see also Time Log (Doc. No. 20-2). Defendant does not oppose the relief requested. Motoin at 1, 7.

According to the Motion and supporting documentation, Plaintiff's counsel expended 34.52 compensable hours (31.04 hours in 2024 and 3.48 hours in 2025) in the representation of Plaintiff before the Court. See Motion; Time Log. Plaintiff requests an hourly rate of $252.96 for 2024 and $258.08 for 2025. Motion at 4. Plaintiff is seeking a higher hourly rate than the $125 specified by

statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[1] Further, the number of hours expended is reasonable.

Plaintiff also requests reimbursement of $405.00 in costs expended for the filing of the Complaint (Doc. No. 1). Motion at 1, 5-6; see Receipt (Doc. No. 20-5). Defendant does not oppose this request, and the Court finds it to be appropriate. See 28 U.S.C. §§ 1920, 2412(a)(1).

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Plaintiff's Affidavit and Assignment of EAJA Fee (Doc. No. 20-1). Regarding the assignment, Plaintiff represents the following:

> [T]he Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited January 5, 2026). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Motion at 6.

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. No. 20) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $8,750.00 pursuant to 28 U.S.C. § 2412(d) and costs in the amount of $405.00.

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on January 6, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

3